ELGIN WATCH CO. *v.* SPAULDING, Collector.

*( Circuit Court, N. D. Illinois.* January 22, 1884.)

CUSTOMS DUTIES—WATCH ENAMEL.

The substance known as "watch enamel" is dutiable under schedule M of section 2504, as "watch material," at 25 per cent. *ad valorem,* and not under schedule B of the same section, at 40 per cent., as "manufactures of glass, or of which glass shall be a component material." Schedule B was intended to cover only manufactured articles of glass, and not the crude material.

At Law.

*Storck & Schumann,* for plaintiff.

*Gen. Joseph B. Leake,* Dist. Atty., for defendant.

BLODGETT, J. The plaintiff, about November 22, 1882, imported an article which was charged by the inspector of customs a duty of 40 per cent. *ad valorem* under the last paragraph of schedule B, § 2504, as "manufactures of glass, or of which glass shall be a component material." The plaintiff paid the duty so imposed under protest, and brings this suit to recover the excess of such duties, contending that the article in question is dutiable as "watch material," under the last paragraph but one of schedule M, § 2504, at 25 per cent. *ad valorem.* The proof in the case shows that the article in question is known to the trade as "watch enamel," and used only, so far as is disclosed by the evidence, for enameling the faces or dials of watches. The proof also shows that the composition of this commodity is a secret; that the component parts of it are not known in this country; that it is used by being pulverized and made into a paste which is spread upon the copper disk which forms the base of the watch dial, and then baked and polished, so as to bring it to a proper surface; and the proof fails to show that it is practically applied to any other use than for enameling watch dials, although it is suggested that it is adapted to use as an enamel for clock faces, and perhaps might be used for scale columns in thermometers and similar instruments, and for other purposes where a white enamel surface is desirable. I come, therefore, to the conclusion that the article in question was imported by the plaintiff solely for use as enamel for watches, and that this is the only purpose for which it is at present imported by importers and used in this country, and the only use known for it to the trade. The appearance of the article would seem to indicate that it is a vitreous material; at least the fracture would indicate that, and it may have in its composition some of the material out of which glass is made; but it seems very palpable to me that it is not *a manufacture of glass:* it is not even crude or raw glass, and I therefore conclude that it comes clearly within the description of "watch material." It is therefore, in my estimation, "watch material," and not a manufacture of glass. It is plain, I think, that the last paragraph of schedule B,

"manufactures of glass, or of which glass is a component material," was intended to designate some manufactured article of glass, in form for use as such, and not crude or raw glass. It must be an article which was fitted and adapted at the time it was imported for some purpose or use, and did not require further manipulation in order to make it dutiable as a manufacture of glass.

Issue is found for the plaintiff.